## MAJOR KIMBRAUGH v. LEON CUSON et al.

**Landlord — Tenant — Rent — Lien.**

Landlords have a lien on the produce of the farm, and if sold by the tenant, are entitled to the proceeds of the sale.

APPEAL FROM HARRISON CIRCUIT COURT.

February 15, 1866.

OPINION BY THE COURT:

John Lair, as guardian of Emma A. Lair, leased for three years some sixty-one acres of land to M. M. Herme, at $2 per acre, annually, payable 1st of January each year, and took his written obligation for the same, reserving a lien on the crop; the first year's rent was paid; about the last of November, the second year, Herme sold to Veach some $81 worth of corn, which was to be paid on the rent, and this was distinctly understood at the time of sale. December 1st, only a very few days after the delivery of the corn, Leon Cuson attached this debt, due by Veach, for an indebtedness of Herme to him.

John Lair having settled his accounts and resigned as guardian, Kimbraugh was appointed in his stead, and Lair transferred the obligation of Herme to his successor; Kimbraugh, by petition, asserted his claim to said indebtedness of Veach, which was consolidated with the suit of Cuson, and all the proper parties seem to have been before the court. John Lair's answer is in the record, and there seems to be no controversy as to the facts. By section 14, chapter 56 (2 Stanton Rev. Stat. 94), the landlord has a lien on the produce of the farm for one year's rent due, not exceeding four months, or to become due; the rent was not due until January 1st, after the sale of the corn and date of the attachment, consequently, the landlord's lien existed by provision of law, independent of any stipulation of the written agreement which was simply an affirmance of the law and in nowise *variant* from it, save that, perhaps, it attempted to give a lien for a more extended time than the statute does. Kimbraugh was not a stranger to the

consideration of the contract between Herme and Veach, but had by law a prior lien on the corn sold which existed at the time, and the arrangement between Herme and Veach inured to the benefit of the landlord, and the money should have been adjudged to Kimbraugh, instead of to Cuson, as was done by the court below.

·· Section 13 of said chapter, Revised Statutes, provides that the landlord's distress or attachment shall bind *any personal estate* of the lessee found on the premises, or which may have been removed within fifteen days; this is a more extensive lien than is provided in the fourteenth section, which gives the landlord an *exclusive lien, only, on the produce of the farm,* and the *personal estate which may not be acquired after he takes possession,* but on these the lien exists for four months.

· Wherefore, the judgment is reversed, with directions to the court below for further proceedings in accordance with this opinion.